UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLOYD FALKINS** | **CIVIL ACTION** |
| **versus** | **NO. 11-668** |
| **N. BURL CAIN, WARDEN,** <br> **LOUISIANA STATE PENITENTIARY** | **SECTION: "I" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Floyd Falkins, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On December 19, 2002, he was convicted of four counts of armed robbery under Louisiana law.[1] On January 10, 2003, he was sentenced on each count to a concurrent term of ninety-nine years imprisonment without benefit of parole, probation, or suspension of

---

[1] State Rec., Vol. IX of XI, transcript of December 19, 2002, p. 211; State Rec., Vol. I of XI, minute entry dated December 19, 2002; State Rec., Vol. I of XI, jury verdict form.

sentence.[2]  On April 1, 2003, he was found to be a multiple offender and was resentenced as such on Count 1 to a concurrent term of one hundred ten years imprisonment.[3]  On July 27, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed those convictions and sentences.[4]  The Louisiana Supreme Court then denied his related writ application on January 14, 2005.[5]

On or after July 20, 2005, petitioner filed with the state district court an application for post-conviction relief.[6]  That application was denied on August 5, 2005.[7]  Petitioner's related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on December 7, 2006,[8] and by the Louisiana Supreme Court on October 26, 2007.[9]

---

[2] State Rec., Vol. II of XI, transcript of January 10, 2003; State Rec., Vol. II of XI, minute entry dated January 10, 2003.

[3] State Rec., Vol. IX of XI, transcript of April 1, 2003; State Rec., Vol. II of XI, minute entry dated April 1, 2003.

[4] State v. Falkins, 880 So.2d 903 (La. App. 5th Cir. 2004) (No. 04-KA-250); State Rec., Vol. II of XI.

[5] State v. Falkins, 889 So.2d 266 (La. 2005) (No. 04-KO-2220); State Rec., Vol. II of XI.

[6] State Rec., Vol. IV of XI.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because petitioner's application was signed on July 20, 2005, it obviously was placed in the mail no earlier than that date.

[7] State Rec., Vol. IV of XI, Order dated August 5, 2005.

[8] State v. Falkins, No. 06-KH-915 (La. App. 5th Cir. Dec. 7, 2006); State Rec., Vol. X of XI.

[9] State *ex rel.* Falkins v. State, 966 So.2d 565 (La. 2007) (No. 2007-KH-0145); State Rec., Vol. X of XI.

On or after July 16, 2008, petitioner filed with the Louisiana Supreme Court an original petition for writ of certiorari challenging the process by which the Court of Appeal had processed and disposed of *pro se* post-conviction writ applications.[10]  On October 10, 2008, the Louisiana Supreme Court transferred that petition to Louisiana Fifth Circuit Court of Appeal for disposition.[11]  The Court of Appeal then considered the petition and denied relief on October 1, 2009,[12] as did the Louisiana Supreme Court on November 5, 2010.[13]

On or after March 2, 2011, petitioner filed the instant federal application for *habeas corpus* relief.[14]  The state contends that petitioner's federal application is untimely.[15]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[10] State Rec., Vol. X of XI.  Petitioner signed that petition on July 16, 2008.

[11] State *ex rel.* Falkins v. State, 993 So.2d 1219 (La. 2008) (No. 2008-KH-1888); State Rec., Vol. X of XI.

[12] State *ex rel.* Falkins v. State, No. 08-WR-1014 (La. App. 5th Cir. Oct. 1, 2009); State Rec., Vol. X of XI.

[13] State *ex rel.* Falkins v. State, 50 So.3d 820 (La. 2010) (No. 2009-KH-2501); State Rec., Vol. X of XI.

[14] Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner signed his application on March 2, 2011. Rec. Doc. 1, p. 6.  Therefore, it was obviously given to prison officials for mailing on or after that date.

[15] Rec. Doc. 7.

underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[16]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on January 14, 2005. Therefore, under § 2244(d)(1)(A), his criminal judgment became "final" no later than April 14, 2005, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). After ninety-six (96) days elapsed, petitioner tolled the federal limitations period on July 20, 2005, by filing a post-conviction application with the state district court. Once commenced, tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as the petitioner sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004).

---

[16] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

– 4 –

In the instant case, the state argues that tolling was interrupted because petitioner did not seek supervisory review by the Louisiana Fifth Circuit Court of Appeal in a timely fashion. As noted, the state district court denied relief on August 5, 2005. Upon petitioner's request, the district court then set an extended return date of November 19, 2005, for review to be sought from the Court of Appeal.[17] On November 18, 2005, petitioner filed a motion for an extension of the return date;[18] however, that motion was denied on December 12, 2005, because, pursuant to La. C.Cr.P. art. 915.1, the district court was without authority to grant another extension.[19]

At that point, petitioner dropped the matter for an extended period of time. However, on or about October 20, 2006, he filed a request directly with the Louisiana Fifth Circuit Court of Appeal asking for an extension of time to seek review of the post-conviction denial.[20] The Court of Appeal granted that request on October 27, 2006, holding: "Considering the extraordinary circumstances, relator is granted leave to apply for supervisory review of the August 5, 2005 district court ruling within thirty days of this ruling."[21] Petitioner then sought review within that period.

Considering the extension expressly granted by the Court of Appeal and that court's ultimate decision to review petitioner's post-conviction claim on the merits, the undersigned finds that tolling continued uninterrupted despite the delay in seeking review by the Court of Appeal. That finding is clearly supported by Grillette, *supra*, a case in which the United States Fifth Circuit

---

[17] State Rec., Vol. IV of XI, Order dated October 20, 2005.

[18] State Rec., Vol. IV of XI.

[19] State Rec., Vol. IV of XI, Order dated December 12, 2005.

[20] State Rec., Vol. XI of XI.

[21] State v. Falkins, No. 06-KH-802 (La. App. 5th Cir. Oct. 27, 2006); State Rec., Vol. XI of XI.

Court of Appeals found tolling that continued even in the absence of such an express extension. The Court of Appeals observed:

> [A]t no point did the state trial court or the Louisiana Court of Appeal fault Grillette for failure to comply with Rule 4-3. Whereas in Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001)], the Louisiana Court of Appeal expressly indicated that Melancon's application "appeared untimely," in this case it is undisputed that the Louisiana Court of Appeal disposed of Grillette's application "on the merits," without any notation that his application was time-barred. We acknowledge, as the State asserts, that a state court's consideration of an application "on the merits" is not by itself conclusive proof that the application was timely filed in accordance with that state's timeliness laws and rules and thus "pending." See [Carey v.] Saffold, 536 U.S. [214,] 226, 122 S.Ct. 2134 [(2002)] (noting different reasons why a court might "address the merits of a claim that it believes was presented in an untimely way"). *Rule 4-3, however, prohibits the Court of Appeal from considering the merits of an application that is not filed with the appellate court within the original or extended return date, "in the absence of a showing that the delay in filing was not due to the applicant's fault." Because the Court of Appeal did consider the merits of Grillette's application, it must have determined that the application was timely either because the trial court impliedly extended the return date and/or because the delay was not due to Grillette's fault.*
>
> Moreover, as Grillette correctly points out, when the denial of an application is based on untimeliness, Louisiana courts routinely and unmistakably indicate so in their opinions. See, e.g., Carter v. Rhea, 785 So.2d 1022, 1022 (La.Ct.App. 4th Cir. 2001) ("WRIT APPLICATION DISMISSED AS UNTIMELY."); Lawyer v. Succession of Kountz Through Cupit, 703 So.2d 233, 233 (La.Ct.App. 4th Cir. 1997) ("WRIT NOT CONSIDERED."); Watts v. Dorignac, 681 So.2d 955, 955 (La.Ct.App. 1st Cir. 1996) ("WRIT NOT CONSIDERED"). *Thus, had the Louisiana Court of Appeal decided to reach the merits of the application notwithstanding a determination that the application was untimely, it appears that the court would have indicated any such untimeliness in its opinion.*

Grillette, 372 F.3d at 775 (emphasis added). Therefore, in light of the foregoing, the undersigned finds tolling continued uninterrupted from the date the original post-conviction application was filed,

July 20, 2005, until October 26, 2007, when the Louisiana Supreme Court denied relief.[22] See, e.g., Bourgeois v. Bergeron, Civ. Action No. 09-3185, 2009 WL 5088756, at *2-4 (E.D. La. Dec. 23, 2009)

When the limitations period resumed running at that point, petitioner had only two hundred sixty-nine (269) days remaining. After two hundred sixty-three (263) of those days elapsed, petitioner filed his petition for writ of certiorari with the Louisiana Supreme Court on July 16, 2008. Assuming for the purposes of this decision that the petition would qualify as a properly filed application for state post-conviction relief or other collateral review, tolling again resumed as of the date of that filing. Pursuant to Grillette, *supra*, tolling then continued uninterrupted for the duration of the proceedings, so long as the petitioner sought supervisory review in a timely manner.

As noted, the Supreme Court transferred the petition to the Court of Appeal which then denied relief on October 1, 2009. At that point, another problem arises. Once the Court of Appeal denied relief, petitioner had only until November 2, 2009, to seek review of that judgment by filing a writ application with the Louisiana Supreme Court.[23] The state has submitted evidence showing that petitioner did not meet that deadline, in that he did not give the application to prison

---

[22] The state appears to concede, and the record reflects, that petitioner's related writ application was timely filed with the Louisiana Supreme Court.
  This Court further notes that tolling resumed on the date the Louisiana Supreme Court denied relief, because a petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

[23] An applicant has thirty days to seek review of a judgment of a court of appeal. Louisiana Supreme Court Rule X, § 5(a). However, because the thirtieth day here fell on a Saturday, the period was extended through the following Monday, November 2, 2009. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

officials for mailing until on or after November 5, 2009.[24] Therefore, even utilizing the state mailbox rule, the application was untimely. It is clear that a federal *habeas* petitioner receives no tolling credit whatsoever for an untimely Louisiana Supreme Court writ application. Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); see also Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010); Boudreaux v. Cain, Civ. Action No. 07-1041, 2009 WL 4730706, at *4 (E.D. La. Dec. 9, 2009); Jenkins v. Cooper, Civ. Action No. 07-0216, 2009 WL 1870874, at *5 (E.D. La. June 26, 2009); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006). Accordingly, tolling ceased on November 2, 2009. Grillette, 372 F.3d at 769-71 (a state application ceases to be pending, and tolling therefore ends, when the time for appellate review expires).[25]

When the limitations period resumed running at that point, petitioner had only six (6) days, i.e. until November 9, 2009, to either again toll the limitations period or file his federal

---

[24] Rec. Doc. 7-1.

[25] The undersigned notes, however, that even if the limitations period were tolled by the untimely filing and did not resume running until the date on which the Louisiana Supreme Court denied relief, petitioner's application would still be untimely because he allowed an additional one hundred sixteen (116) days to elapse between the date on which the Louisiana Supreme Court denied relief and the date he filed his federal application. Therefore, even under that scenario, his application would have been filed over three months after the limitations period expired.

Lastly, out of an abundance of caution, the Court makes one other observation. One could perhaps argue that petitioner's filing deadline was extended for an additional eighty-six (86) days due to former Chief Judge Helen G. Berrigan's suspension of all prescriptive periods in this Court from September 1, 2005, through November 25, 2005, as a result of Hurricane Katrina. See, e.g., Mark v. Michael, Civ. Action No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008). Nevertheless, even if such an argument would have merit, that would not change the result in this case. Petitioner missed his federal filing deadline by more than eighty-six days under even the most generous calculations.

application.[26] Other than the untimely Louisiana Supreme Court writ application for which no tolling credit can be granted, petitioner had no application for state post-conviction relief or other collateral review pending at any time during that six-day period. Therefore, he clearly is not entitled to further statutory tolling.

However, that does not end this Court's inquiry in light of the fact that the United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before November 9, 2009, in

---

[26] Because the sixth calendar day fell on a Sunday, the federal limitations period was extended through the following Monday, November 9, 2009. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

order to be timely. His federal application was not filed until March 2, 2011, and it is therefore untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Floyd Falkins be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[27]

New Orleans, Louisiana, this sixteenth day of August, 2011.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.